# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALTER LOUIS INGRAM**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.: 06-1243 (EGS)** |
| ) | |
| **ALBERTO GONZALEZ, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants, Alberto Gonzalez, Attorney General of the United States, William F. Henry, John W. Skozilas, and T.R. Sniezek, respectfully move to dismiss this action brought pursuant to the Privacy Act, because this Court lacks subject matter jurisdiction over Plaintiff's claims, requiring dismissal under Federal Rule of Civil Procedure 12(b)(1), and because Plaintiff fails to state a claim upon which relief can be granted as provided for by Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants move to transfer this case pursuant to 28 U.S.C. §§ 1404(a). In support of this Motion, Defendants refer the Court to the accompanying memorandum of points and authorities. A proposed Order consistent with this Motion also is attached.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits her own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil

Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on
> personal knowledge, shall set forth such facts as would
> be admissible in evidence, and shall show affirmatively that
> the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to
> in an affidavit shall be attached thereto or served therewith.  The
> court may permit affidavits to be supplemented or opposed by
> depositions, answers to interrogatories, or further affidavits.
> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the
> mere allegations or denials of the adverse party's pleading, but
> the adverse party's response, by affidavits or as otherwise provided
> in this rule, must set forth specific facts showing that there is a genuine
> issue for trial.  If the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the adverse party.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Michael S. Romano
Assistant Regional Counsel

United States Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Custom House
2nd & Chestnut Streets
Philadelphia, PA 19106

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALTER LOUIS INGRAM**,         ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.                         ) | **Civil Action No.: 06-1243 (EGS)** |
| ) | |
| **ALBERTO GONZALEZ, et al.**,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE

Defendants, Alberto Gonzalez, Attorney General of the United States, William F. Henry, John W. Skozilas, and T.R. Sniezek, file this motion to dismiss Plaintiff's complaint. This Court lacks subject-matter jurisdiction over Plaintiff's claims warranting dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In addition, Plaintiff has failed to state a claim under the Privacy Act and therefore dismissal is required pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, transfer of this action is required because all of the actions about which Plaintiff complains occurred outside of this district.

## I.    BACKGROUND

At the time he filed his <u>pro se</u> complaint in this Court, Plaintiff Walter Louis Ingram ("Plaintiff") was incarcerated at the Federal Correctional Institution ("FCI") Elkton, located in Lisbon Ohio. (Complaint ("Compl."), § III).[1]  Plaintiff has filed an action in this Court pursuant

---

[1]On January 19, 2007, Plaintiff filed a Notice of Change of Address, indicating that as of January 17, 2007, he would no longer be incarcerated at FCI-Elkton but would be "released to the Community Corrections Center (CCC) located at 4601 East Monument Street, Baltimore, Maryland, 21205." [Docket entry # 9].

to the Privacy Act[2] against several individuals: Alberto Gonzalez, Attorney General of the United States; William F. Henry, Chief Probation Officer, located in Baltimore, Maryland; John W. Skozilias, Jr., Supervising Probation Officer, also in Baltimore Maryland; and T.R. Sniezek, the Warden at FCI Elton.  (Id., § IV).

In his complaint, Plaintiff contends that the pre-sentence investigation report ("PSR") created in connection with his sentencing for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine, Aid & Abet, 21 U.S.C. § 846 and 18 U.S.C. § 2, in a federal district court in Maryland, contains incorrect information.  Specifically, Plaintiff asserts that the PSR incorrectly characterizes Plaintiff as a "career offender" although the district court "ruled that Ingram is not classified and/or characterized as a 'career offender' . . . ."  (Compl. § V).  Plaintiff states that defendant, T.R. Sniezek, the Warden at FCI Elton, "has used erroneous 'Career Offender' classification in scoring Ingram's custody classification points . . . which in effect prohibits Ingram from participating in any transfer or fur[l]ough programs, etc."  (Id.).  In addition to Warden Sniezek, Plaintiff has named as defendants William F. Henry, Chief Probation Officer, and John W.

---

[2] Plaintiff's complaint consists of a pre-printed form entitled "Complaint for Violation of Civil Rights."  This form provides instructions to pro se prisoners regarding the procedures for initiating a lawsuit pursuant to 42 U.S.C. § 1983.  However, the case stamp indicates that this case has been designated as a "FOIA/Privacy Act" matter by the Court.  Based on the relief Plaintiff seeks, and, in particular, the fact that he does not assert a claim for monetary damages from the individual defendants, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Defendants have construed his complaint as one seeking relief solely pursuant to the Privacy Act, which specifically addresses the maintenance of records.  Furthermore, "the Privacy Act's comprehensive remedial scheme governing the maintenance of records precludes any recovery under Bivens."  Thurston v. United States Bureau of Prisons, No. Civ.A. 03-2629, 2005 WL 3987714, at *1 (D.D.C. Aug. 4, 2004) (citing Chung v. United States Dep't of Justice, 333 F.3d 273, 274 (D.C. Cir. 2003) (other citation omitted)).  Nor has Plaintiff established any basis by which this Court can exercise personal jurisdiction over the named defendants, thus making a Bivens action in this Court not viable.

Skozilas, Supervising Probation Officer, both in Baltimore, Maryland, presumably for their failure to amend Plaintiff's PSR.

For relief, Plaintiff requests the following:

> that the erroneous information regarding I am a 'Career Offender'
> be deleted from my existing PS[R] Report and order that a new PS[R] Report
> be prepared reflecting the changes that I am not a 'Career Offender"
> and that the additional points (3) were assessed against me when in fact
> I should have never been assessed 3 points because the conviction
> was beyond 15 years . . .  I was also erroneously assessed an additional
> 2 points based on the allegation that I committed the instant offense
> less than 2 years after release of imprisonment.

(Compl. § VI).

## II.    STANDARD OF REVIEW

Defendants move for dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted.  In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment.  See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

3

The standard for granting a motion to dismiss pursuant to Rule 12(b)(6) is well-known.  A motion to dismiss for failure to state a claim serves to test the legal sufficiency of the complaint.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  For purposes of a motion to dismiss, a court takes as true all inferences that can be derived from the facts alleged.  Kowal, 16 F.3d at 1276.  A court, however, need not accept the inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint.  Id.  A court should dismiss a complaint if plaintiff can prove no set of facts that would entitle him to relief.  Emoagram SA v. F. Hoffman Larouche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003); Beverly Enterprises v. Herman, 50 F. Supp. 2d 7, 11 (D.D.C. 1999).

## III.    ARGUMENT

### A.    The Individual Defendants Should Be Dismissed Because the Proper Defendant in a Privacy Act Action is the Department of Justice.

The proper defendant in this Privacy Act action is the agency, here the Department of Justice.  The Privacy Act specifically indicates that "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1).  Therefore, the Privacy Act does not provide for claims against individual defendants.  See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (holding that "the district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA.") (citations omitted); Thurston v. United States Bureau of Prisons, No. Civ.A. 03-2629, 2005 WL 3987714, at *1 (D.D.C. Aug. 4, 2005) (dismissing individually named defendants because "individual defendants cannot be sued under the Privacy Act.") (citations omitted); Reid v. Federal Bureau of Prisons, No. Civ.A. 04-1845, 2005 WL 1699425, at *2 (D.D.C. July 20, 2005) ("The proper defendant to a Privacy Act suit is the agency, in this case, the Department of Justice of which

[the Bureau of Prisons] is a component.") (citing 5 U.S.C. § 552a(g)); <u>Armstrong v. United States</u> <u>Bureau of Prisons</u>, 976 F. Supp. 17, 23 (D.D.C. 1997) (Privacy Act only allows a claim against the agency and "[t]he term agency does not include individual officers or employees of an agency.") (citations omitted), <u>aff'd</u> No. Civ.A. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998).

The Plaintiff brings this action under the Privacy Act which clearly and unequivocally allows lawsuits only against the agency and not against individual defendants. Therefore, the individually named defendants must be dismissed.

**B.      The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claim.**

Privacy Act claims must be brought within two years from the date on which the cause of action arises. 5 U.S.C. § 552a(g)(5). The statute of limitations begins to accrue when plaintiff knows or should know of the alleged violation. If a suit is not filed within two years, this court lacks subject-matter jurisdiction over the claims asserted. 5 U.S.C. § 552a(g)(5); <u>Bernard v. United States</u> <u>Dep't of Defense</u>, 362 F. Supp. 2d 272, 278 (D.D.C. 2005); <u>Armstrong v. Bureau of Prisons</u>, 976 F. Supp. 17, 21 (D.D.C. 1997).

In this case, Plaintiff's PSR was prepared in October, 1992. (Compl., Letter to Walter Louis Ingram from John W. Skozilas, Jr. dated September 13, 2005), and Plaintiff was sentenced in December, 1992. (Ex. A, Public Information Inmate Data). Therefore, he was aware at that time, if not before, of the information contained in his PSR. However, Plaintiff failed to timely pursue his claims by filing an action under the Privacy Act within two years of that time. Accordingly, this Court does not have subject-matter jurisdiction to adjudicate Plaintiff's claims at this time, over 14 years after he was sentenced.

**C.    The Privacy Act is not the Proper Avenue to Challenge the Accuracy of, or to Seek an Amendment to, the PSR.**

The Plaintiff alleges that his PSR contains erroneous information and improperly characterizes him as a "career offender." (Compl. § VI). The PSR is prepared by the United States Probation Office ("USPO") for sentencing a criminal defendant, and is part of the sealed docket in a criminal case. Rule 32 of the Federal Rules of Criminal Procedure affords defendants an opportunity to challenge inaccurate information in the PSR. Specifically, Rule 32(f) states the defendant can challenge the PSR by filing objections with the USPO within fourteen days after receiving the PSR. Fed. R. Crim. Pro. 32(f). See Prows v. United States Department of Justice, No. Civ.A. 87-1657, 1989 WL 39288, at *6 (D.D.C. 1989). The PSR is maintained in the Inmate Central Record System ("ICRS"), which is a BOP system of records.

The Privacy Act is not the proper avenue to seek an amendment to the PSR as the District Court for the District of Columbia explained below:

> Plaintiff . . . is in effect, by means of the Privacy Act, trying to collaterally attack the contents of his [PSR]. Plaintiff . . . originally had the opportunity to challenge the accuracy of the pre-sentence report before the judge who sentenced him. To the extent that [plaintiff] is using the Privacy Act to challenge the accuracy of the [PSR], he is getting a second, and this Court believes, absent extenuating circumstances, impermissible bite at the apple. The orderly administration of justice should require that attacks of this kind should be first presented to the sentencing court.

Thomas v. U.S. Parole Comm'n, No. Civ.A. 94-0174, 1994 WL 487139, at *6 (D.D.C. Sept. 7, 1994). See also Hurley v. BOP, No. Civ.A. 95-1696, 1995 WL 631149, at *2 (1st Cir. Oct. 24, 1995) (any alleged inaccuracy in the Plaintiff's Pre-sentence Report, "should have been brought to the attention of the district court at sentencing; or, at the very least, on appeal from his conviction and sentence") (citing Fed. R. Crim. P. 32). Only the sentencing court has the authority to change

6

the information contained in the PSR and the defendant was *not* sentenced by the District Court for the District of Columbia. The Bureau of Prisons ("BOP") uses the USPO-prepared PSR only as a source of information regarding the inmate's criminal history to determine the custody classification. As such, the BOP does not have the authority to amend information in the PSR.

Plaintiff must bring his challenge to the accuracy of the PSR to the District Court for the District of Maryland, the court where Plaintiff was sentenced.[3] Neither the named defendants nor this Court have the authority to amend the Plaintiff's PSR.

### D. The BOP Has Exempted the Relevant System of Records from the Accuracy and Amendment Provisions of the Privacy Act.

The Privacy Act, 5 U.S.C. § 552a(e)(5), was enacted to ensure that agencies of the federal government maintain accurate records. The Privacy Act applies to documents maintained in a system of records, which is defined by the Act as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). The Privacy Act generally requires an agency to maintain all records that it uses in making a determination regarding an individual with such accuracy, relevance, timeliness and completeness as is reasonably necessary to assure fairness to the individual in the determination. 5 U.S.C. § 552a(e)(5). The Inmate Central Record System ("ICRS") maintained by the BOP is a system of records within the definition found in the Privacy Act. The Plaintiff's PSR, which is a document prepared by the USPO for sentencing purposes, is maintained in the ICRS.

The Privacy Act, however, also confers upon agencies the discretion to exempt records from

---

[3]It appears that Plaintiff may have already sought this relief from the sentencing court and it was denied. United States v. Ingram, 178 Fed. Appx. 206 (4th Cir. 2006).

different provisions of the Act within the limitations included in the statute.  The Act specifically

provides:

> j.     The head of any agency may promulgate rules, in
>        accordance with the requirements (including general notice)
>        of sections 553 (b)(1), (2) and (3), (c), and (e) of this title,
>        to exempt any system of records within the agency from
>        any part of this section except subsections (b), (c)(1) and (2),
>        (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I), if the
>        system of records is:
>
> ***
>
> (2)    maintained by an agency or component thereof which performs as its
>        principal function any activity pertaining to the enforcement of
>        criminal laws, including  . . . correctional, probation, pardon, or
>        parole authorities, and which consists of _(A) information compiled_
>        _for the purpose of identifying individual criminal offenders and_
>        _alleged offenders and consisting only of identifying data and_
>        _notations of arrests, the nature and disposition of criminal charges,_
>        _sentencing, confinement, release, and parole and probation status; (B)_
>        _information compiled for the purpose of a criminal investigation,_
>        _including reports of informants and investigators, and associated with_
>        _an identifiable individual; or (C) reports identifiable to an individual_
>        _compiled at any stage of the process of enforcement of the criminal_
>        _laws from arrest or indictment through release from supervision._

5 U.S.C. § 552a(j)(2) (emphasis added).  Pursuant to 552a(j), the BOP has exempted a number of

its systems of records from the amendment and accuracy provisions in 552a(d) and (e)(5),

respectively.  These exemptions have been codified in the Code of Federal Regulations at 28 C.F.R.

§ 16.97(a) and (j).

     Specifically, BOP has exempted the ICRS from the amendment provision of the Privacy Act.

See 28 C.F.R. § 16.97(a) (stating "[t]he following systems of records are exempt from 5 U.S.C. (d)

. . . and . . .  (g):  . . . (4) Inmate Central Record System.").  See also § 552a(d) ("Each agency that

maintains a system of records shall - (2) permit the individual to request amendment of a record

pertaining to him . . ."); see also Reid, 2005 WL 1699425, at *3 ("Records maintained in BOP's

8

Inmate Central Record System, including plaintiff's central file, are exempt from the Privacy Act's amendment provisions."); Thurston, 2005 WL 3987714, at *2 ("[T]he BOP has properly exempted its Inmate Central Record System, where presentence reports are maintained, from the Privacy Act's amendment requirements.").  Furthermore, in 2002, BOP's ICRS was specifically exempted pursuant to 5 U.S.C. § 552a(j) from claims brought under sections (e)(1) and (e)(5) of the Privacy Act.  In regards to exemption from claims under (e)(5), the exemption is justified because:

> in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. . . .  The restrictions of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public.

28 C.F.R. § 16.97(k)(2).  Thus, Plaintiff has no claim under 5 U.S.C. § 55a(g)(1)(C) based on BOP's alleged failure to maintain accurate records.  Cf. Smith v. Bureau of Prisons, No. Civ.A. 94-1798, 1996 WL 43556, at *1 (D.D.C. Jan. 31, 1996) (stating that civil remedies under the Privacy Act were available as the agency did not exempt its records from (e)(5)).

Finally, Plaintiff does not have a cause of action under 552a(g), the enforcement provision of section (d).  See Miller v. Bureau of Prisons, No. Civ.A. 96-422, 1997 WL 135713, at *2 (D.D.C. Mar. 17, 1997).  Thus, Plaintiff is not entitled to any civil remedies regarding his PSR under the Privacy Act.  Plaintiff's only recourse is to file a pleading with the sentencing court challenging the information in his PSR he believes is incorrect.  The Court should dismiss the Privacy Act claims under Rule 12(b)(6) for failure to state a claim.

### E.    Plaintiff Fails to Establish a Cause Of Action under the Privacy Act.

As explained above, Plaintiff does not have a cause of action under the Privacy Act, as the

BOP has specifically exempted the ICRS from the amendment and accuracy provisions of the Privacy Act. However, even if Plaintiff had a cause of action under the Privacy Act, he would fail to establish its elements.

A Plaintiff with a lawsuit against an agency under the Privacy Act has the burden of establishing the following four elements: (1) that there was an adverse determination; (2) that the agency failed to maintain plaintiff's records with the degree of accuracy necessary to ensure fairness in the determination made; (3) that the agency's failure to do so was the proximate cause of the adverse determination, and (4) that the agency acted intentionally and willfully. Armstrong, 976 F. Supp. at 22 (D.D.C. 1997).

Here, Plaintiff cannot establish any of the elements for asserting a claim under the Privacy Act. Most significantly pertaining to the first requirement that there be an adverse action. It is well-established that an inmate has no constitutional right to a particular security classification after he is incarcerated. See, e.g., Sandin v. Conner, 515 U.S. 472, 486 (1995); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, inmates do not have a protected liberty interest in their security classifications. Slezak v. Evatt, 21 F.3d 590, 595 (4th Cir.), cert. denied, 513 U.S. 889 (1994). See also Marchesani v. McCune, 531 F.2d 459, 462 (10th Cir.), cert denied, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ("Under Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty interest or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation.").

10

The BOP has been entrusted with the administration of the federal correctional system.  As a result, the BOP is charged with the classification and treatment of prisoners.  See 18 U.S.C. § 4081 (which reads that ". . . the proper classification and segregation of Federal prisoners [is done] according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed in such institutions.").  Based upon BOP's broad discretion in determining proper inmate classifications, and Plaintiff's lack of any constitutional interest in his classification, Plaintiff has not suffered any adverse action.[4]

Furthermore, Plaintiff has failed to establish that BOP failed to maintain his records in an inaccurate manner or that the Agency has acted intentionally or willfully.  To establish willful intent, "a plaintiff must demonstrate something greater than gross negligence."  Armstrong, 976 F. Supp. at 22 (citation omitted).  As has been established, supra at 5-6, BOP does not have the authority to amend Plaintiff's PSR; only the reviewing court has such authority.  Plaintiff does not allege that he has challenged the information contained in his PSR with the court that sentenced him.  Indeed, Plaintiff has presented nothing to substantiate his Privacy Act claims and therefore dismissal is required.  See Martinez, 444 F.3d at 624 (holding that appellant could not establish that the United States Probation Office acted willfully in refusing to correct his records because, "[c]ontrary to appellant's implicit assumption, the excerpt from the transcript attached to his complaint does not show that a court has ordered the USP[O] to delete data from its records."); Armstrong, 976 F. Supp.

---

[4]In addition, Plaintiff's recent change of address filed with the Court indicates that he has been moved to a Residential Re-entry Center ("RRC") at this time, thus indicating that his alleged erroneous classification as a career offender has not precluded his transfer to an RRC. Thus, it appears that his claims may be moot at this point.

at 22 (holding that plaintiff failed to demonstrate that the BOP acted intentionally or willfully where "defendant simply followed the BOP guidelines by not amending plaintiff's Second File . . . . ).

      **F.**    **The Prison Litigation Reform Act ("PLRA") Separately Blocks Plaintiff's Claims.**

          **1.**    **Plaintiff Has Failed to Exhaust His Administrative Remedies Under the PLRA.**

The Prison Litigation Reform Act of 1995, as amended, 42 U.S.C. § 1997e(a) ("PLRA"), requires a prisoner to exhaust "such administrative remedies as are available" before filing a lawsuit. In particular, the statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.  In Booth v. Churner, 532 U.S. 731, 732  (2001), the United States Supreme Court held that under the PLRA, an inmate must complete any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief before seeking adjudication on issues involving prison conditions.

The process for exhausting administrative remedies is multi-layered.  First, an inmate must attempt to informally resolve the dispute with staff at the institution where he is incarcerated.  28 C.F.R. § 542.13.  If informal resolution is not achieved, the inmate may raise his or her complaint to the Warden of the Institution in which he is confined within 20 calendar days of the date that the action forming the basis of the complaint occurred.  28 C.F.R. § 542.14.  If the Warden does not afford the inmate the relief he seeks, the inmate may file an appeal with the Regional Director within 20 calendar days of the Warden's response.  28 C.F.R. § 542.15.  If the Regional Director denies the inmate's appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau

12

of Prisons within 30 calendar days of the Regional Director's response.  28 C.F.R. § 542.15.  The administrative process is not fully exhausted until an inmate's final appeal is considered by the Bureau of Prisons' General Counsel. 28 C.F.R. § 542.15.  The purpose of the exhaustion doctrine is to give prison officials an opportunity to resolve the inmate's issue thereby relieving the courts of unnecessary litigation and to create a factual record to facilitate any eventual judicial action.  Jeanes v. United States Dep't of Justice, 231 F. Supp. 2d 48, 50-51 (D.D.C. 2002).

As the Declaration of Rosalind Bingham ("Bingham Decl."), attached as Exhibit B, establishes, Plaintiff never filed an appeal regarding the alleged erroneous information contained in his PSR.  (Bingham Decl. ¶ 5; see also Bingham Decl., Attachment A (Administrative Remedy Generalized Retrieval data for Plaintiff).  Plaintiff's failure to exhaust his administrative remedies precludes his action in this Court, thereby warranting dismissal of the Complaint.  In addition, Plaintiff own's complaint reveals that after appealing to the Warden, Plaintiff improperly appealed to the Probation Office.  (Compl. ¶ V).  Plaintiff makes no mention of filing an appeal with the Regional Director or the BOP's General Counsel.  Plaintiff has not exhausted his administrative remedies thereby requiring dismissal of his claim.  Reid, 2005 WL 1699425, at *4 ("[B]ecause Reid's Privacy Act claim concerns prison conditions and because defendants' Administrative Remedy Program was 'available' to consider plaintiff's claims, the BOP process must have been properly exhausted.").

### G.    Alternatively, the Court Should Grant the Government's Motion to Transfer the Case Pursuant to 28 U.S.C. 1404(a).

Pursuant to 5 U.S.C. § 552a(g)(5), a civil action to enforce the provisions of the Privacy Act may be "brought in the district court of the United States in the district in which the complainant resides . . . or in which the agency records are situated, or in the District of Columbia . . . ."  Plaintiff

has filed his action in this Court pursuant to this provision, despite the fact that Plaintiff is not a resident in this district and the pertinent events in this action took place outside of this district.

"Under Title 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought '[f]or the convenience of parties and witnesses, [and] in the interest of justice.'" Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (quoting 28 U.S.C. § 1404(a)) (other citations omitted).  In deciding whether transfer is warranted, the court considers several factors, including:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

Boers, 133 F. Supp. 2d at 65 (citation omitted).

Thus, if this case had merit it would properly belong in the United States District Court for the District of Maryland where Plaintiff is incarcerated or where he alleges the events occurred.  See id. at 65-66 (transferring action brought pursuant to the Privacy Act to the district where all the "operative facts" occurred).  But cf. Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997) (favoring dismissal over transfer of meritless cases brought in improper venue). Accordingly, 28 U.S.C. § 1404(a) permits the case to be transferred, though outright dismissal is the preferred disposition that promotes judicial economy.

## V.     Conclusion

On the basis of the foregoing, Plaintiff's complaint should be dismissed with prejudice, or alternatively transferred to the proper United States District Court for the District of Maryland.

14

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Michael S. Romano
Assistant Regional Counsel
United States Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Custom House
2nd & Chestnut Streets
Philadelphia, PA 19106

15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WALTER LOUIS INGRAM**, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )     **Civil Action No.: 06-1243 (EGS)** |
|  | ) |
| **ALBERTO GONZALEZ, et al.,** | ) |
|  | ) |
| Defendants. | ) |

### <u>ORDER</u>

_____This matter having come before the Court on Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue, Plaintiff's opposition, if any, and Defendants' reply, if any, it is hereby

   **ORDERED** that Defendants' motion to dismiss is hereby granted.  It is further

   **ORDERED** that Plaintiff's complaint is dismissed with prejudice.


   **SO ORDERED** on this _____ day of _____, 2007.


_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing Defendants' Motion to Dismiss, or in the Alternative,

to Transfer Venue, was mailed by depositing a copy of it in the U.S. Mail, first class postage

prepaid, addressed to:


Walter Louis Ingram
R28648-037
Community Corrections Center
4601 East Monument Street
Baltimore, MD 21205


on this <u>30th</u> day of January, 2007.



_____
MICHELLE N. JOHNSON