UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALTER LOUIS INGRAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-1243 (EGS) |
| | : | |
| ALBERTO GONZALES, et al., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

Mr. Ingram, an inmate at FCI-Elkton in Lisbon, Ohio, brings this *pro se* action pursuant to the Privacy Act, 5 U.S.C. § 552a, alleging that the Bureau of Prisons ("BOP") maintains inaccurate records about him. He seeks an amendment of the records. Plaintiff has named as defendants Alberto Gonzales, Attorney General of the United States, two United States Probation Officers, William F. Henry and John W. Skozilas, Jr., and T.R. Sniezek, the Warden at FCI-Elkton. The defendants have filed a motion to dismiss. Because the BOP records at issue are exempt from the relevant provisions of the Privacy Act and plaintiff's claim is barred by the statute of limitations, the Court will grants the defendants' motion and dismiss the case.

I. BACKGROUND

In December, 1992, plaintiff was sentenced in the United States District Court for the District of Maryland to 210 months imprisonment for conspiracy to possess with the intent to distribute cocaine. Compl. at 6; Defts.' Mot. to Dismiss, Ex. A. He alleges that the Presentence Investigation Report ("PSR") prepared by the United States Probation Office in connection with that offense contains inaccurate information. *Id.* § V. Plaintiff states that the PSR characterizes

1

him as a "career offender" even though the sentencing court specifically ruled that he was not a career offender. *Id.* In addition, plaintiff asserts that his offense level under the Guidelines was erroneously increased by two points on the ground that he had committed his offense less than two years after his release from imprisonment. *Id.* § VI.

According to plaintiff, he complained about this matter to the Unit Manager and his Case Manager at FCI-Elkton. *Id.* § V. He then appealed to the Warden, defendant Sniezek, who referred the matter to the Probation Office in Baltimore, Maryland. *Id.* In response, defendant Skozilas, a Supervising Probation Officer, informed the Warden that he did not have the authority to modify plaintiff's PSR, and that the request should be directed to the sentencing judge. *Id.* at 7.

Plaintiff claims that the inaccurate "career offender" finding in his PSR is being relied upon by the Warden and affects plaintiff's custody classification. *Id.* § V. As a result, plaintiff is prohibited from "participating in any transfer and furlough programs, etc." *Id.* He requests that the "career offender" information be deleted from his PSR. *Id.* § VI.

## II.  ANALYSIS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)**,** defendants moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. As specific grounds for the motion, defendants contend that (1) plaintiff has failed to exhaust his administrative remedies; (2) the Privacy Act claim is barred by the statute of limitations; (3) the BOP records challenged by plaintiff are exempt from the Privacy Act; and (4) individuals are not the proper defendants in a Privacy Act case. In the alternative, defendants request that the case be transferred to the District of Maryland.

A. Standard of Review

In considering a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However,"[t]he plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Rwanda v. Rwanda Working Group*, 150 F. Supp.2d 1, 5 (D.D.C. 2001).

B. Exhaustion of Administrative Remedies

The defendants move to dismiss the complaint on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Section 1997e(a) "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," and,

3

where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25. A prisoner must complete the administrative process "regardless of the relief offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted administrative remedies. *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the timing of the action. *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002). The failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). However, if the allegations by plaintiff, taken as true, show that relief is barred for failure to exhaust, the case is subject to dismissal for failure to state a claim. *Id.* at 920.

The BOP has a three-level administrative remedy process. Defts.' Mot. to Dismiss, Ex. B, Decl. of Rosalind Bingham ¶ 2.[1] An inmate must first file a request for administrative relief with the Warden of the institution where he is confined. *Id.* Plaintiff may appeal the denial of relief from the Warden to the BOP's Regional Director. *Id.* The final step in the process is to file an appeal with the Office of General Counsel. *Id.* The BOP's records indicate that Plaintiff did not complete these three steps. *Id.* ¶ 5.

Plaintiff concedes that he did not exhaust his administrative remedies. The complaint states that plaintiff pursued his claim regarding the erroneous PSR information to the Warden.

---

[1] In evaluating whether a plaintiff has exhausted administrative remedies, the Court may consider matters outside the pleadings. *See Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003).

*See* Compl. § V.  He claims that he did not pursue his claim further because the Warden stated that it would be resolved by the Probation Office.  Pl.'s Opp'n at 14.  Plaintiff asserts that he was not informed that he had a right to pursue further administrative review.  *Id.*  He contends that defendants should be precluded from raising the exhaustion defense because "affirmative misconduct" by prison officials deceived him into believing that his claim would be resolved.  *Id.* at 15.

      A plaintiff's belief that pursuing his administrative remedies would be futile does not excuse him from the PLRA's exhaustion requirement since a prisoner is required to exhaust regardless of the value of the relief offered through administrative avenues.  *Booth*, 532 U.S. at 741.  A claim that pursuing a remedy will be futile is not a valid reason for not completing the administrative process.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *Bitton v. Gonzales*, No. 05-2045, 2006 WL 335766, at *1 (D.D.C. Feb. 13, 2006); *Jeanes v. United States Dep't of Justice*, 231 F. Supp. 2d 48, 50 (D.D.C. 2002); *see also Booth*, 532 U.S. at 741 n. 6 (Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise").

      The Court concludes that the plaintiff has not completed the established inmate grievance procedure prior to bringing this action.  Assuming plaintiff's allegations regarding prison officials are true, that does not excuse his failure to exhaust.  Absent from plaintiff's pleadings is a claim that defendants actively prevented him from pursuing his administrative remedies.  Accordingly, the case is subject to dismissal.  *See Eldridge v. Dist. of Columbia*, No. 02-7059, 2002 WL 31898173, at *1 (D.C. Cir. Dec. 23, 2002)(per curiam)(upholding dismissal without prejudice for

plaintiff's failure to allege or show he had exhausted District of Columbia's Inmate Grievance Procedure); *Johnson v. Dist. of Columbia Dep't of Corrs., Transp. Unit*, No. 01-7204, 2002 WL 1349532, at *1 (D.C. Cir. June 20, 2002)(per curiam)(upholding dismissal without prejudice for failure to exhaust administrative remedies because the appellant had not filed an inmate grievance).

### C. Statute of Limitations

Defendants contend that plaintiff's claim is barred by the Privacy Act's statute of limitations. Under the Privacy Act, an individual must file a civil action "within two years from the date on which the cause arises." 5 U.S.C. § 552a(g)(5). "A cause of action arises under the Privacy Act at the time that (1) an error was made in maintaining plaintiff's records; (2) plaintiff was harmed by the error; and (3) the plaintiff either knew or had reason to know of the error." *Szymanski v. United States Parole Comm'n*, 870 F.Supp. 377, 378 (D.D.C. 1994); *see Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987) (cause of action arises when "the plaintiff knows or should know of the alleged violation"). In an action challenging an agency's failure to amend, the limitations period commences from the date of the denial of the request to amend. *Blazy v. Tenet*, 979 F.Supp. 10, 18 (D.D.C. 1997).

Defendants maintain that plaintiff was aware of the alleged error in his PSR at the time of his sentencing in 1992. Plaintiff argues that the relevant time period is the year 2005 when he discovered that the erroneous career offender finding was being used by BOP to determine his custody classification. The Court agrees with plaintiff. His Privacy Act claim accrued when he knew or had reason to know of the alleged erroneous custody classification. *See Molzen v. Fed. Bureau of Prisons*, No. 05-2360, 2007 WL 779059, at * 3 (D.D.C. Mar. 8, 2007); *Mitchell v.*

*Bureau of Prisons*, No. 05-0443, 2005 WL 3275803, at * 3 (D.D.C. Sept. 30, 2005). Therefore, his cause of action was timely filed in this Court.

### D. The Privacy Act

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend. 5 U.S.C. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. 5 U.S.C. § 552a(g)(1)(C). A plaintiff can recover monetary damages if the agency's conduct was intentional or willful. 5 U.S.C. § 552a(g)(4).

To prevail on a Privacy Act claim for damages, the plaintiff must show that (1) the agency failed to maintain accurate records, (2) the agency's conduct was intentional or willful, and (3) an adverse determination was made respecting the plaintiff due to the inaccurate record. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582 (D.C. Cir. 2002). The plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful. *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. § 552a(g)(4). A willful or intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ... or a violation ... so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Deters v. U.S. Parole Comm'n*,

85 F.3d 655, 660 (D.C. Cir. 1996).

The defendant moves to dismiss on the grounds that a PSR in the BOP's files is a record exempt from the Privacy Act's amendment, accuracy and damages provisions. An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act. 5 U.S.C. § 552a(j)(2). Systems of records containing investigatory material compiled for law enforcement purposes are exempt from the Privacy Act provisions. 5 U.S.C. § 552a(k)(2). Pursuant to this authority, regulations exempt BOP's Inmate Central Records System. 28 C.F.R. § 16.97(a)(4).

Because a PSR is maintained in the Inmate Central Records System, a plaintiff is barred from pursuing a Privacy Act amendment claim challenging the contents of the PSR. *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998); *Doyon v. U.S. Dep't of Justice*, 304 F. Supp. 2d 32, 34 (D.D.C. 2004). Therefore, plaintiff's claim must be dismissed.[2]

### III. CONCLUSION

For all of the foregoing reasons, the Court grants the defendants' motion to dismiss. A separate Order accompanies this Memorandum Opinion.

```
_____/s_____
EMMET G. SULLIVAN
United States District Judge
```

DATE: August 21, 2007

---

[2] The individual defendants can also be dismissed because the only proper party in a Privacy Act case is the agency maintaining the challenged record. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Reid v. Fed. Bureau of Prisons*, No. 04-1845, 2005 WL 1699425, at * 2 (D.D.C. July 20, 2005).